**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| RELAY IP, INC., | : |
| Plaintiff, | : |
| v. | : Civil Action No.: 13-1080-GMS |
| THE NASDAQ OMX GROUP, INC. and THE NASDAQ STOCK MARKET LLC, | : **JURY TRIAL DEMANDED** |
| Defendants. | : |

**NASDAQ'S ANSWER TO PLAINTIFF'S COMPLAINT**

Defendants The NASDAQ OMX Group, Inc. and The NASDAQ Stock Market LLC ("collectively NASDAQ"), by and through their undersigned counsel, answer the Complaint of Relay IP, Inc. ("Relay") as follows:

**PARTIES**

1.  NASDAQ is without knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 1, and on that basis, denies them.

2.  Admitted.

3.  Admitted.

**JURISDICTION AND VENUE**

4.  NASDAQ admits that the Complaint purports to arise under the patent laws of the United States, and that this Court has subject matter jurisdiction over patent actions under 28 U.S.C. §§ 1331 and 1338(a). NASDAQ denies any remaining allegations of paragraph 4.

5.  Admitted.

6.  NASDAQ does not contest that venue is proper in this District, but denies that this venue is the most convenient. NASDAQ denies any remaining allegations of paragraph 6.

## COUNT ONE
## INFRINGEMENT OF U.S. PATENT NO. 5,331,637

7. NASDAQ admits that Exhibit A to the Complaint appears to be a copy of United States Patent Number 5,331,637 ("the '637 Patent") titled "Multicast Routing Using Core Based Trees," and that the issue date listed on the face of the patent is July 19, 1994. NASDAQ denies that the '637 Patent was "duly and legally issued by the United States Patent and Trademark Office."

8. NASDAQ is without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 8, and on that basis, denies them.

9. Denied.

10. Denied.

## PRAYER FOR RELIEF

These paragraphs set forth the statement of relief requested by Plaintiff to which no response is required. NASDAQ denies that Plaintiff is entitled to any of the requested relief and denies any allegations contained in the Prayer For Relief to which a response is required.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE
**Failure to State a Claim**

The Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE
**Non-infringement**

NASDAQ does not and has not infringed any valid and enforceable claim of the '637 Patent literally, directly, indirectly, contributorily, by way of inducement, or under the doctrine of equivalents.

2

### THIRD AFFIRMATIVE DEFENSE
**Invalidity**

The claims of the '637 Patent are invalid for failing to satisfy the requirements of the Patent Act, 35 U.S.C. § 1 *et seq.*, including, but not limited to, 35 U.S.C. §§ 101, 102, 103 and/or 112.

### FOURTH AFFIRMATIVE DEFENSE
**License, Implied License, and/or Patent Exhaustion**

Plaintiff's action is barred, in whole or in part: (i) to the extent that any allegedly infringing products or methods are supplied, directly or indirectly to NASDAQ by an entity or entities having express or implied licenses to the '637 Patent; and/or (ii) under the doctrine of patent exhaustion.

### FIFTH AFFIRMATIVE DEFENSE
**Waiver, Acquiescence, Laches, Estoppel, Unclean Hands**

Plaintiff's action is barred by waiver, acquiescence, laches, estoppel, and/or unclean hands because Plaintiff unreasonably delayed in bringing suit, and as a result, NASDAQ has been materially prejudiced.

### SIXTH AFFIRMATIVE DEFENSE
**Limitation on Damages**

Plaintiff's claim for damages is limited at least under 35 U.S.C. §§ 286, 287, 288, and/or 1498.

### JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, NASDAQ requests a trial by jury.

### PRAYER FOR RELIEF

WHEREFORE, NASDAQ prays that the Court enter a judgment:

(i) dismissing Plaintiff's Complaint with prejudice;

(ii) declaring that NASDAQ does not infringe any claim of the '637 Patent;

(iii) declaring that the claims of the '637 Patent are invalid;

(iv) declaring that this is an exceptional case under 35 U.S.C. § 285 and awarding NASDAQ its reasonable costs and attorneys' fees; and

(v) granting such other and further relief to NASDAQ that this Court deems just and proper.

Dated: August 21, 2013

    */s/ Beth Moskow-Schnoll*
Beth Moskow-Schnoll (#2900)
David A. Felice (#4090)
Ballard Spahr LLP
919 North Market Street, 11th Floor
Wilmington, DE 19801
(302) 252-4465
moskowb@ballardspahr.com
feliced@ballardspahr.com

*Attorneys for Defendants*
*The NASDAQ OMX Group, Inc. and*
*The NASDAQ Stock Market LLC*

OF COUNSEL:
Stephen J. Kastenberg
Lynn E. Rzonca
Daniel A. Nadel
Ballard Spahr LLP
1735 Market Street, 51st Floor
Philadelphia, Pennsylvania
(215) 665-8500
kastenberg@ballardspahr.com
rzoncal@ballardspahr.com
nadeld@ballardspahr.com